UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                                        Case No: 2:18-cv-74-FtM-99MRM

THE CITY OF FORT MYERS and
GLORIA CAMACHO,

    Defendants.
_____/

## OPINION AND ORDER[1]

Pending before the Court is Defendant City of Fort Myers' Motion to Dismiss Amended Complaint (Doc. 32), Defendant Detective Gloria Camacho's Motion to Dismiss the Amended Complaint (Doc. 35), and *pro se* Plaintiff Mamberto Real's responses in opposition (Doc. 34; Doc. 37). For the following reasons, the Court grants the City's and Detective Camacho's motions and dismisses the Amended Complaint without prejudice.

## BACKGROUND[2]

This is a federal civil rights suit stemming from about eight months ago when Fort Myers Police Detective Camacho arrested Real for battery. The underlying incident occurred when Real, who was working at a retail store, fought a shoplifter in "self-

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] For purposes of the City's and Detective Camacho's motions to dismiss, the Court assumes as true the facts as alleged in the Amended Complaint.

defense." (Doc. 31 at ¶ 14). Someone (likely Real) called the Fort Myers Police Department. (*Id.* at ¶ 18). When Detective Camacho arrived on scene, she allegedly "distorted the facts" to pin Real as the perpetrator and the shoplifter as the victim because of her racial bias.[3] (*Id.* at ¶¶ 13, 16). Detective Camacho did so because she and the shoplifter are Puerto Rican while Real is Cuban. (*Id.* at ¶ 13). Approximately a month after Real's arrest, his battery charge was dropped. (*Id.* at ¶ 10).

As best the Court can tell, Real brings this suit against the City and Detective Camacho for false arrest and malicious prosecution under 42 U.S.C. § 1983. The Court dismissed Real's first complaint but gave him leave to file an amended complaint – which he did. (Doc. 29; Doc. 31). The Amended Complaint is the operative pleading and the subject of the City's and Detective Camacho's latest motions to dismiss.

## LEGAL STANDARDS

Federal Rules of Civil Procedures 8 and 10 set the minimum requirements for pleadings. Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). Rule 10 also has pleading requirements: a party must "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. Rules 8 and 10 work together to "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he

---

[3] According to the police report that Real attached to his response Detective Camacho's motion to dismiss, Detective Camacho arrested Real because of inconsistencies with his account of the fight. (Doc. 37-1 at 7).

2

is claiming and frame a responsive pleading[.]" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

When a pleading does not follow Rules 8 and 10, it is a shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). There are four types of shotgun pleadings – most (if not all) of which the Amended Complaint embodies. A shotgun pleading may (1) have multiple counts and each count adopts the allegations of all preceding counts; (2) be filled with conclusory, vague, or immaterial facts not tied to any particular claim for relief; (3) state multiple claims for relief but fail to separate each claim into a different count; and (4) assert multiple claims for relief against multiple defendants without clarity as to which claim is alleged against which defendant. *See id.* 1321-23. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). The intolerance is largely because shotgun pleadings "waste scarce judicial resources, 'inexorably broaden [ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'" *Id.* (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008)).

That said, courts hold a *pro se* litigant's pleading "to a less stringent standard than pleadings drafted by attorneys[.]" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts are under no duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). A *pro se* litigant must still follow the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

**DISCUSSION**

As stated, Real has filed an Amended Complaint because the Court dismissed his first pleading for failure to state a claim. Although the Amended Complaint adds new factual allegations, it falls short of Rule 8(a)(2)'s and Rule 10(b)'s pleading requirements. The Amended Complaint is a quintessential shotgun pleading – even under the most liberal reading. The claims are cumulative, and they incorporate all the preceding paragraphs and claims. Indeed, the first paragraph of all three counts states, "Plaintiff incorporates all Paragraphs of this Complaint as if fully set forth under this claim and further alleges that[.]" (Doc. 31 at ¶¶ 19-21). This type of pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Davis v. Boston Sci. Corp.*, No. 2:17-cv-682-FtM-38CM, 2018 WL 339937, at *1 (M.D. Fla. Jan. 9, 2018).

What is more, the Amended Complaint does not separate the claims against the City from those against Detective Camacho into distinct counts. *See Fontaine v. JPMorgan Chase Bank, N.A.*, No. 3:15-cv-193, 2016 WL 111575, at *4 (11th Cir. Jan. 1, 2016) ("[I]n a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming." (citations omitted)). Because the pleading bleeds together claims against the City and Detective Camacho, it is difficult to know what Real alleges against each Defendant. *See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (stating "the complaint should

contain specific allegations with respect to each defendant" (citation omitted)).  For example, the first claim alleges that Detective Camacho and the City denied him equal protection and due process under the Fourth and Fourteenth Amendments through a pattern of customary racial policies.  (Doc. 31 at ¶ 19).  In the same count, he also says the City "had notice of Gloria Camacho prior customary misbehavior upon (Nate Allen Football Player's case).  However, that its failure for the defendant the City of Fort Myers to act strictly and to train [Detective] Camacho strictly upon such knowledge; caused upon Plaintiff a product of malicious prosecution and false arrest[.]"  (*Id.* at ¶ 19c).  The second claim is identical to the first, except it expands on how the City's "informal or implicit consent of customary violation of the Constitution" damaged Real and highlights Detective Camacho's alleged bias against African Americans.  (*Id.* at ¶ 20a).  The second claim also introduces the City's alleged failure to train 911 operators.  (*Id.* at ¶ 20c).  And the third claim repeats much of the other two claims, only this time Real adds that Detective Camacho did not properly investigate his case and arrested him without probable cause.  (*Id.* at ¶ 21).

Complicating the Amended Complaint is that it is full of conclusory, vague, and immaterial facts not tied to any claim.  It is a rambling mix of legal conclusions and repetitive facts, leaving Defendants without notice of the claims against them and the grounds upon which they rest.  And the disjointed allegations make it impracticable for the Court to decide any attack on the pleading's merits. In short, the Amended Complaint is anything but a "short and plain" statement of Real's claims against the City and Detective Camacho.

Consequently, the Court grants the City's and Detective Camacho's motions to dismiss. But, because of Real's *pro se* status and in an abundance of caution, the Court will give Real one final opportunity to amend the pleading. And the Court again strongly encourages Real to consult its website on appearing in federal court without an attorney.[4]

Accordingly, it is now

**ORDERED:**

(1) Defendant City of Fort Myers' Motion to Dismiss Amended Complaint (Doc. 32) is **GRANTED**.

(2) Defendant Detective Gloria Camacho's Motion to Dismiss (Doc. 35) is **GRANTED**.

(3) Plaintiff Mamberto Real's Amended Complaint (Doc. 31) is **DISMISSED without prejudice**. Real may file a Second Amended Complaint on or before **July 6, 2018**, that is consistent with this Opinion and Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of June 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[4] The Court's website is http://www.flmd.uscourts.gov/litigants-without-lawyers.