UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                                       Case No: 2:18-cv-74-FtM-99MRM

THE CITY OF FORT MYERS and
GLORIA CAMACHO,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants City of Fort Myers' and Gloria Camacho's motions to dismiss the Second Amended Complaint (Doc. 40; Doc. 42), Plaintiff Mamberto Real's responses in opposition (Doc. 41; Doc. 45), and Real's motion for default judgment (Doc. 47).

## Background

Mamberto Real proceeding *pro se* sues Defendants for civil rights violations arising from his arrest for misdemeanor battery. The Court recounts the factual background as pled in Real's complaint, which it must take as true to decide whether the Second Amended Complaint states a plausible claim. *See Chandler v. Sec'y Fla.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). While normally limited to the four corners of the complaint, courts may consider documents outside the pleadings if they are central to the claim and their authenticity is undisputed. *Stern v. Bank of America Corp.*, 112 F. Supp. 3d 1297, 1301 (M.D. Fla. 2015) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Here, the Second Amended Complaint refers to documents relating to Real's arrest, which he attached to his original complaint. (Doc. 1-1). Because these documents are central to Real's claim and no party has disputed their authenticity, the Court has considered them.

Real's arrest followed a skirmish he had with Enoc Morales Ortiz ("Morales") outside the store where Real was working. (Doc. 1-1 at 4). Real believed Morales stole something from the store, so he confronted Morales, and the two fought until a passerby intervened. (Doc. 39 at 3-4). Real retreated into the store, locked the door, and made three 911 calls. (Doc. 39 at 4). Morales also called the police. (Doc. 1-1 at 8). Fort Myers Police Officer Kareem Fears arrived on the scene, where he encountered Morales. (Doc. 39 at 4; Doc. 1-1 at 4). Morales told Officer Fears that he was walking past the store when Real attacked him, pulled a knife on him, and brandished something, possibly a gun, after retreating into the store. (Doc. 1-1 at 4).

While Officer Fears talked to Morales, Real walked to the front of the store. (Doc. 1-1 at 4). At Fears' direction, Real came out, and Fears detained Real before checking the store, where he did not find a gun but did see several cameras. (Doc. 1-1 at 4). Real pleads that he was temporarily handcuffed, that the handcuffs were removed, and that he was told he would not be arrested. (Doc. 39 at 4). Officer Fears presumably used handcuffs when he detained Real, but Real does not state who

removed the handcuffs and told him he would not be arrested. During questioning by Fears, Real denied pulling a knife on Morales but admitted holding a machete in Morales' direction from behind the store's locked door. (Doc. 1-1 at 4). When Fears asked Real if the cameras recorded, Real stated he would need to ask his boss, Real Babalao. (Doc. 1-1 at 4). Real called Babalao, and Fears overheard Real say he had already told the police the cameras were not recording; Fears interpreted the conversation as Real "coaching Babalao into what to say and not let Officer Fears see the footage of the incident." (Doc. 1-1 at 4).

Detective Gloria Camacho was called in to investigate, and she took a statement from Morales. (Doc. 39 at 4). Morales again said he was walking past the store when Real attacked him and brandished a knife. (Doc. 1-1 at 7-8). Officer Fears arrested Real for misdemeanor battery "[d]ue to inconsistencies within his accounts of the incident and being the primary aggressor." (Doc. 1-1 at 4). Real believes Detective Camacho orchestrated the arrest. The State Attorney later reduced the battery charge to misdemeanor assault before ultimately abandoning the action by entry of *nolle prosequi*. (Doc. 1-1 at 2).

In his Second Amended Complaint, Real sues Detective Camacho for violating his rights of due process and equal protection of the law and for malicious prosecution. He also asserts a *Monell* claim against Fort Myers. Defendants separately move to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable

3

to the non-moving party.  "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007).  A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct.  See *Iqbal*, 556 U.S. at 678.  But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a twostep approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Courts hold pro se litigants' pleadings "to a less stringent standard than pleadings drafted by attorneys[.]" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But courts are under no duty to "re-write" a pro se litigant's complaint to find a claim.  See *Washington v. Dep't of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

## Discussion

### A. Count 1: Violation of Due Process Rights against Detective Camacho

In Count 1, Real accuses Detective Camacho of violating his right to due process of law by arresting him "without probable cause or arguable cause." (Doc. 39 at 6).  A warrantless arrest without probable cause violates the Constitution and can underpin a § 1983 claim.  *Gates v. Khokhar*, 884 F.3d 1290, 1297 (11th Cir. 2018).  But "the existence

of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Id.* (quoting *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010)). "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Id.* at 1298. Courts look to the elements of the alleged crime and the operative fact pattern to determine whether an officer had probable cause. *Id.*

Real supports Count 1 with a series of conclusory statements unsupported by well-pleaded factual allegations. In paragraph 19, for example, Real claims he "was detained improperly and prosecuted for charges based on evidence fabricated" without stating what evidence was fabricated. (Doc. 39 at 5). Real similarly alludes to "tamper[ing] with evidence," "suppression of favorable evidence," "conspir[acy] with the false alleged victim in order to distort the facts," and "distortion of police report" without identifying any evidence Camacho tampered with or suppressed or any facts or reports she distorted. (Doc. 39 at 5-6).

Setting aside Real's conclusory allegations and relying solely on the facts, the Court must conclude that probable cause existed at the time of the arrest. Real was arrested for battery, which occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other." Fla. Stat. 784.03(1)(a)(1). Assuming Detective Camacho made the decision to arrest Real, she did so only after receiving a sworn statement from Morales that Real attacked him, unprovoked, and hit him in the back of the head during the scuffle. (Doc. 1-1 at 7). Camacho thus had probable cause to arrest Real for battery, despite Real's differing account of the fracas. Allowing suspects

5

to negate probable cause by simply denying any illegal acts would hamstring law enforcement efforts. That the government eventually dropped the charge "does not impact the existence of probable cause." *Swanson v. Scott*, No. 2:17-CV-67-FTM-99MRM, 2018 WL 3817760, at *7 (M.D. Fla. Aug. 10, 2018). Count 1 must be dismissed.

### B. Count 2: Violation of Right to Equal Protection against Detective Camacho

Count 2 is essentially the same as Count 1, plus conclusory allegations that Camacho discriminated against Real because of his race, accent, national origin, and skin color. "Class of one" equal protection claims are cognizable under the 14th Amendment when a plaintiff alleges he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Count 2 fails because Real did not allege facts supporting either element of a "class of one" equal protection claim. Real did not identify a similarly situated person. And even if he did, the facts established by his complaint and exhibits provide a rational basis for his arrest.

### C. Count 3: Malicious Prosecution against Detective Camacho

"To establish a federal claim for malicious prosecution under § 1983, a plaintiff must prove (1) the elements of the common-law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Blue v. Lopez*, 901 F.3d 1352 (11th Cir. 2018). The Court need not list the six elements of malicious prosecution in Florida because "[t]he presence of probable cause defeats a malicious prosecution claim." *Swanson*, 2018 WL 3817760 at *6. The Court has found

probable cause at the time of the arrest, so Real's malicious-prosecution claim is untenable.

Real also uses Count 3 to object to the warrantless search of the store where he was working. But Real cannot build a claim around the search because he did not allege any property interest in the store, or any other facts that created a reasonable expectation of privacy. Indeed, as a retailer, the area searched was presumably open to the public. Count 3 does not state a plausible claim.

### D. Count 4: *Monell* Claim against City of Fort Myers

"To state a *Monell* claim, a plaintiff must allege facts showing: '(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Marantes v. Miami-Dade County*, 649 F. App'x 665, 672 (11th Cir. 2016) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).

The Second Amended Complaint fails to satisfy the first element. As explained above, Real's arrest and the search of the store did not violate Real's constitutional rights. And Count 4 contains no new factual allegations supporting a constitutional violation. Real's *Monell* claim thus fails.

### E. Real's Motion for Default Judgment

Real moves for default judgment against Detective Camacho because she did not timely respond to the Second Amended Complaint. (Doc. 47). He has a point; Camacho's motion to dismiss was filed late. And she has failed to respond at all to Real's motion. But default judgment is proper only when a party fails to plead or otherwise defend, and Camacho is defending this action. Fed. R. Civ. Pro. 55(a). Even if she were

7

not, default judgment cannot be entered when the complaint fails to state a facially plausible claim, as is the case here.  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).  Real is not entitled to default judgment.

Accordingly, it is now

**ORDERED:**

1. Defendants City of Fort Myers' and Gloria Camacho's motions to dismiss the Second Amended Complaint (Doc. 40; Doc. 42) are **GRANTED**.

2. Plaintiff Mamberto Real's motion for default judgment (Doc. 47) is **DENIED**.

3. Plaintiff Mamberto Real's Second Amended Complaint is **DISMISSED with prejudice**.

4. The Clerk of the Court is **DIRECTED** to terminate any pending motions and deadlines and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of November, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record